IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT D. DURANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-0730-CV-W-NKL-SSA |
| ) | |
| JO ANNE BARNHARD, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is Plaintiff Robert D. Durant's ("Durant") second Motion for Attorney's Fees [Doc. # 19]. For the reasons set forth below, the Court will grant the Motion.

On April 20, 2005, the Court reversed and remanded the Administrative Law Judge's decision denying Durant's claim for disability benefits [Doc. # 11]. Under the Equal Access to Judgment Act ("EAJA"), 28 U.S.C. § 2412, the Court awarded Durant $3,586 in attorney's fees [Doc. # 17] on August 5, 2005. By letter dated September 8, 2005, the Department of Treasury notified Durant through his counsel that the payment of his attorney's fees had been intercepted by the federal government under 31 U.S.C. § 3716(c)(1)(A) and 31 C.F.R. § 285.5(e)(1), in order to offset a dept Durant owed to Child

1

Support Enforcement. The regulation cited by the Treasury Department provides as follows:

> (1) Payments eligible for offset. Except as set forth in paragraph (e)(2) of this section, all Federal payments are eligible for offset under this section. Eligible Federal payments include, but are not limited to, Federal wage, salary, and retirement payments, vendor and expense reimbursement payments, certain benefit payments, travel advances and reimbursements, grants, fees, refunds, judgments (including those certified for payment pursuant to 31 U.S.C. 1304), tax refunds, and other payments made by Federal agencies.

31 C.F.R. § 285.5(e)(1)(2005). Awards of attorneys' fees under the EAJA are not exempted in section 285.5(e)(2). However, section 285.5(e)(5) provides as follows:

> If a payment is made to a person solely in that person's capacity as a representative payee for another person having the beneficial interest in a payment, the disbursing official shall offset that payment only to collect debts owed by the person having the beneficial interest in the payment. Payment agencies are responsible for identifying representative payees.

As defined in Section 285.5(b), "[r]epresentative payee means a person named as payee on the payment voucher certified by the payment agency who is acting on behalf of a person entitled to receive the benefit of all or part of the payment." Further, "[p]ayment agency means any agency that transmits payment requests, in the form of certified payment vouchers or other similar forms, to a disbursing official for disbursement." 31 C.F.R. § 285.5(b). Under these regulations, Durant was a representative payee of the EAJA attorney's fees awarded by the Court. The party entitled to the benefit of the payment was not Durant but Durant's attorney, Teresa M. Meagher. Under 31 C.F.R. § 285.5(e)(5), it was the Social Security Administration's responsibility as the payment agency to identify Durant as a representative payee. It failed to do so when it transmitted

2

the payment voucher to the Department of Treasury. As a result, Durant's attorney has been mistakenly denied the fees awarded to her by this Court's order.

During a telephone conference on November 15, 2005, the Court gave the parties one week to work out an arrangement by which the Commissioner of Social Security would ensure that Durant's attorney received the fees awarded her by the Court, or the Court would vacate its previous order and issue a new Order that fees be awarded directly to Durant's attorney. On November 23, the Commissioner notified the Court that no arrangement could or would be reached and that the Commission believes that she has satisfied the Court's previous Order. Further, the Commissioner contends that she cannot be made liable for the underlying obligation under 31 U.S.C. § 3716(c)(2) and 31 C.F.R. § 285.5(e)(9) which provides,

> Pursuant to 31 U.S.C. 3716(c)(2)(A), neither the disbursing official nor the payment agency shall be liable for the amount of the offset on the basis that the underlying obligation was not satisfied. For example, if an agency certifies a payment to a Federal contractor for work completed or services provided, and that payment is offset to collect a delinquent debt that the contractor owes to another Federal agency, the contractor has been paid in full for its services. When the creditor agency credits the offset amount to the contractor's delinquent debt, the contractor has received full value for the services performed under the contract.

The Commissioner contends that since the fee award used to offset Durant's debt was appropriated from the Social Security Administration, a second award of fees would be tantamount to holding the Commissioner liable. Moreover, the Commissioner contends that awarding fees twice would put them beyond the "reasonable attorney's fees" contemplated by the EAJA.

3

Contrary to her assertions, the Commissioner has not complied with the applicable federal statutes and this Court's previous order. Under 31 C.F.R. § 285.5(e)(5), the Commissioner had a duty to identify Durant as a representative payee when she submitted her payment voucher to the Treasury Department. *See also* § 285.5(e)(8)(i) ("Payment agencies shall prepare and submit payment vouchers in the manner prescribed by the disbursing official to ensure that all payments legally eligible for offset will be offset and all payments not eligible will not be offset."). She failed to do so. In effect, the Commissioner certified the wrong payee to Treasury when she did not designated Durant as a representative payee. Neither 31 U.S.C. § 3716(c)(2) nor 31 C.F.R. § 285.5(e)(9) renders the Social Security Administration immune to liability for its own mistakes.

Fed. R. Civ. P. 60(b)(2005) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . . mistake, inadvertence, surprise, or excusable neglect . . . ." The failure of the Commissioner's payment voucher to identify Durant as a representative payee is sufficient grounds for relief from the Court's previous fees award. Furthermore, the Court and both parties clearly intended for the attorneys' fees to go to Mr. Durant's attorney, not Mr. Durant. Because the Court and the parties were all mistaken as to how these fees would be distributed, the original judgment of the Court must be vacated and corrected.

Accordingly, it is hereby

ORDERED that the Court's Order of August 5, 2005 [Doc. # 17] is VACATED. It is further

4

ORDERED that Plaintiff's Motion for Attorney's Fees [Doc. # 19] is GRANTED. Plaintiff is awarded fees as a representative payee in the amount of $3,586. Such fees shall be made payable directly to Teresa M. Meagher, counsel for Plaintiff.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: November 28, 2005
Jefferson City, Missouri